# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| FKF MADISON PARK GROUP OWNER, LLC, *et al.*, | ) ) | Case No. 10-11867(KG) (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| FKF MADISON GROUP OWNER LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 11-53693(KG) |
| | ) | |
| 18 EAST 23RD STREET REALTY COMPANY LLC, *et al.*, | ) ) | **Re Dkt No. 63** |
| | ) | |
| Defendants | ) | |
| STEPHEN KRAUS, MITCHELL KRAUS and BARBARA KRAUS, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 11-52526(KG) |
| | ) | |
| FKF MADISON GROUP OWNER LLC, JMJS 23RD STREET REALTY OWNER MADISON PAK GROUP OWNER LLC, and SLAZER ENTERPRISES OWNER LLC, | ) ) ) ) | **Re Dkt No. 28** |
| | ) | |
| Defendants. | ) | |
| RICHARD SCHONINGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 11-53567(KG) |
| | ) | |
| FKF MADISON GROUP OWNER LLC, MADISON PARK GROUP OWNER LLC, JMJS 23RD STREET REALTY OWNER LLC, iSTAR TARA LLC, and AMALGAMATED BANK, | ) ) ) ) ) | **Re Dkt No. 54** |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| RANCE MASHECK AND TIM LIN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 11-53147(KG) |
| | ) | |
| FKF MADISON GROUP OWNER LLC, | ) | **Re Dkt No. 32** |
| JMJS 23RD STREET REALTY OWNER LLC, | ) | |
| MADISON PARK GROUP OWNER LLC, | ) | |
| SLAZER ENTERPRISES OWNER LLC, THE | ) | |
| WILLS GROUP FAMILY LIMITED | ) | |
| PARTNERSHIP FOREST MALL LLC, and | ) | |
| ONE MADISON FM LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| THE WILLS GROUP FAMILY | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 11-51661(KG) |
| | ) | |
| FKF MADISON GROUP OWNER LLC, | ) | **Re Dkt No. 41** |
| JMJS 23RD STREET REALTY OWNER | ) | |
| MADISON PARK GROUP OWNER LLC, | ) | |
| SLAZER ENTERPRISES OWNER LLC, | ) | |
| iSTAR TARA LLC, FOREST MALL, | ) | |
| LLC, RANCE MASHECK, and TIM LIN, | ) | |
| | ) | |
| Defendants. | ) | |
| INTERTECH DEVELOPMENT CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. 11-53456(KG) |
| | ) | |
| FKF MADISON GROUP OWNER LLC, | ) | **Re Dkt No. 8** |
| JMJS 23RD STREET REALTY OWNER LLC, | ) | |
| and MADISON PARK GROUP OWNER LLC, | ) | |
| | ) | |
| Defendants. | ) | |

| | |
|---|---|
| FKF MADISON GROUP OWNER LLC,          )<br>JMJS 23RD STREET REALTY OWNER LLC,   )<br>MADISON PARK GROUP OWNER LLC,       )<br>SLAZER ENTERPRISES OWNER LLC and    )<br>ONE MADISON FM, LLC,                          )<br>                                                                     )<br>            Plaintiffs,                                          )<br>                                                                     )<br>    v.                                                             )<br>                                                                     )<br>MCDONALD'S CORPORATION,                 )<br>                                                                     )<br>            Defendant.                                      )<br>FLAMINGO, LLC                                           )<br>                                                                     )<br>            Plaintiff,                                           )<br>                                                                     )<br>    v.                                                             )<br>                                                                     )<br>SLAZER ENTERPRISES OWNER LLC,         )<br>MADISON PARK GROUP OWNER LLC,       )<br>JMJS 23RD STREET REALTY OWNER LLC,   )<br>FKF MADISON GROUP OWNER LLC,          )<br>24 EAST 23RD STREET COMMERCIAL LLC,  )<br>PARK MADISON ASSOCIATES LLC, AND   )<br>IRA SHAPIRO,                                              )<br>                                                                     )<br>            Defendants.                                   )<br>                                                                     ) | Adv. Proc. No. 11-53615(KG)<br><br><br><br>**Re Dkt No. 16**<br><br><br><br><br><br><br>Adv. Proc. No. 11-51640(KG)<br><br>**Re Dkt No. 10** |

**MEMORANDUM OPINION ON**
**RULE TO SHOW CAUSE RE ABSTENTION**

On December 29, 2011, the Court issued an Order to Show Cause (the "Order") why it should not abstain from these adversary proceedings on a permissive basis pursuant to 28 U.S.C. § 1334(c)(1). The interested parties duly and thoroughly responded to the Order and the Court heard argument on the issue on January 18, 2012. This is the Court's decision in somewhat abbreviated length to avoid delay. The facts germane and giving rise to the Order, in contrast to the merits of the adversary proceedings, are undisputed. Accordingly, the Court will not discuss them except to note that the adversary proceedings raise issues of parties' interests in a condominium tower located

at 23 East 22nd Street in New York City. The underlying chapter 11 cases began as chapter 7 cases which certain petitioning creditors brought by filing involuntary chapter 7 petitions beginning on June 8, 2010. Debtors later converted the cases to cases under chapter 11. The adversary proceedings are at their earliest stages.

The Court's concern and the motivation behind the Order was two-fold: what was in the interest of justice for all parties and how could the Court best administer its caseload and marshal its resources in order to be responsive to the needs of not only the litigants in these proceedings but also to the parties in the many pending and future cases. These adversary proceedings are extremely contentious and there is minimal cooperation among the parties. It is fair to say the parties won't agree on what day it is. The proceedings would therefore occupy far more of the Court's and staff's time than the size and number of proceedings might suggest, and the Court's efforts would certainly be greatly disproportionate to the minimal, if any, significance to Debtors. More to the point, one of the parties in favor of abstention brought to the Court's attention the following highly pertinent comment of the court in *In re Republic Reader's Service, Inc.*, 81 B.R. 422, 426 (Bankr. S.D. Tex. 1987):

> Adversary Proceedings, such as the one involved here, require an enormous expenditure of scarce judicial resources. Many pressing matters which cannot be delayed without harm to estates or creditors take place increasing demands on the court's time. Adversary proceedings, as a consequence, are often positioned last in priority. The delay attendant upon abstention from a proceeding, therefore, must be compared with the effect adjudicating the proceeding has upon the allocation of a court's scarce judicial resources to essential matters concerning administration of all estates.

It is worth noting that this judge has never – never – abstained from hearing a matter regardless of its complexity and difficulty. *See*, *e.g..*, *Crown Village Farm*, *supra*; *In re Direct Response Media, Inc.*, 2012 WL 112936, (Bankr. D.Del., January 12, 2012). The Court fully

recognizes that abstention is a rare and extraordinary act. The circumstances presented here are unique and exceptional.

These proceedings involve the interests of New York residents in a condominium located in New York City, New York. New York law applies. The property involved, most of the parties, the witnesses and the applicable law have no connection with this forum. No one seriously disputes that Debtors have virtually no stake in the outcome of the litigation; it is the non-debtor secured lender, One Madison FM, LLC ("OMF"), which is the real party in interest. OMF is a relatively recent entry into the Debtors' case, having purchased another entity's claim. Finally, and outcome determinative, the Debtors and OMF are amending the proposed plan of confirmation to remove the resolution of the adversary proceedings as a contingency to plan confirmation and the plan going effective. Therefore, the litigation is not in any way linked to the administration of the case. In fact, litigation between and among the non-debtors will proceed well after the plan goes effective, assuming the Court confirms the plan.

28 U.S.C. § 1334(c)(1) provides that a bankruptcy court may abstain from hearing a proceeding related to a chapter 11 case when doing so is "in the interests of justice ...or respect for State law...." The proceedings at issue here meet nearly all of the factors which courts apply in determining whether to exercise their discretion to abstain.[1] Those factors are:

1. The effect or lack thereof on efficient administration of the estate;
2. The extent to which state law issues predominate over bankruptcy issues;
3. The difficulty or unsettled nature of applicable law;
4. The presence of related state court proceedings;

---

[1] The Court is satisfied that this is not a case for mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2).

3

5. The jurisdictional basis, if any, other than section 1334;

6. The degree of relatedness of the proceeding to the main bankruptcy case;

7. The substance rather than the form of an asserted core proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters;

9. The burden on the court's docket;

10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping;

11. The existence of a right to a jury trial; and

12. The presence of non-debtor parties.

*In re Laroche Indus.*, 312 B.R. 249, 253-55 (Bankr. D.Del. 2004); *Trans World Airlines, Inc. v. Karabu Corp.*, 278 B.R. 42, 52 (Bankr. D.Del. 2002).[2] The cases provide that courts should consider the totality of the circumstances and give extra weight to the substantive factors governing abstention. *Crown Village Farm, LLC v. Arl, LLC* (*In re Crown Village Farm, LLC*), 415 B.R. 86 (Bankr. D.Del. 2009). There were numerous pending cases in New York state courts at the time of the filing of the involuntary petition, including a foreclosure proceeding filed by OMF's predecessor-in-interest. Debtors and OMF argue that the pending New York cases are not identical with the adversary proceedings pending before this Court. But they can be by simple amendment to the pleadings in the New York actions.

---

[2] Judge Walsh's decision in *TWA* to abstain from litigation between creditors is highly instructive to the issues at hand. Although the Court based its ruling on mandatory abstention, the Court also indicated that the result would be the same on a discretionary abstention basis.

Of particular significance to the Court are factors nos. 1,2,3,4,8,9 and 12, all of which favor abstention. Again, these adversary proceedings will require the court to apply New York law and no bankruptcy law, the Court has no knowledge of such law or its nuances, and there is no impact upon the administration of the estate because the Debtors and OMF have de-coupled plan confirmation from the proceedings.

When joined with the applicability of New York law, the absence of any bearing on administration of the estate and the burden on the Court's docket, what makes abstaining from these proceedings the inescapably sensible course is this: all of the interested parties, all of the witnesses and the person who appears to be most responsible for and is certainly most knowledgeable of the issues being litigated, Ira Shapiro, are located in New York.

The Court carefully considered the thoughtful counter arguments which Debtors, the Committee and OMF made in opposition to abstention. They contend, among other points, that the proceedings involve core issues, that bankruptcy courts regularly determine the issues presented, namely, the nature and priority of interests ("It's what bankruptcy courts do," OMF correctly argued), that the cases will not be difficult or a burden on the Court's docket, that bankruptcy courts commonly interpret and apply foreign law, and that it is essential that one court familiar with the cases administer and decide them. It is true that this would be the more convenient forum for Debtors and OMF. But New York state courts have a separate commercial division whose judges are highly skilled, knowledgeable and capable and it will be the parties' responsibility to request consolidation. As for OMF's argument that bankruptcy courts determine lien priorities in accordance with 28 U.S.C. § 157(b) and such issues are often, by their very nature, inter-creditor disputes, these disputes will have no impact whatsoever on Debtors and will be decided after the plan goes effective if the plan is confirmed. The Court also questions, without deciding, whether the

5

issues in the adversary proceedings are core issues. *See*, *e.g.*, *In re Trans World Airlines*, 278 B.R. 42 at 49 (finding that the determination of the validity of the creditor's claim in a declaratory judgment action was not a core proceeding).

      For the foregoing reasons, the Court will abstain from the adversary proceedings except the proceedings involving Flamingo, LLC (Adv. Pro. No. 11-51640) and Intertech Development Corp. (Adv. Pro. No. 11-53456) which are on the verge of settlement, and any other proceeding which is in a settlement posture. The Court will, as Debtors and OMF justifiably requested, enter orders partially lifting the automatic stay thereby permitting the cases pending in New York to proceed to a determination of the extent of the claimants' liens or interests, the priority of liens or interests and claims to ownership. The Order shall also allow foreclosure proceedings to proceed. The Court will retain and determine all bankruptcy issues including, but not limited to, plan confirmation, contract rejection, avoidance actions and claims objections. Debtors shall prepare and circulate a form or forms of order. In the unlikely event the parties can reach agreement on the order, the Court will enter it upon certification. If agreement is not reached, parties may submit alternative forms of order which the Court will consider with or without a further hearing.

Dated: January 20, 2012

                                                 KEVIN GROSS, U.S.B.J.